FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA 98 FEB 25 PM 2: 25
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

DANNY DWIGHT RICHERZHAGEN, )
)
Plaintiff, )
)
vs. )        CV 97-AR-2794-S          ENTERED
)
OFFICER BEN SUTTON, )                            FEB 2 5 1998
)
Defendants. )

## MEMORANDUM OF OPINION

The magistrate judge filed a recommendation on January 30, 1998, recommending that the

defendant's Motion to Dismiss be granted and this cause be dismissed with prejudice. Plaintiff filed

objections on February 18, 1998. Plaintiff maintains that the statute of limitations did not begin to

run until he saw a copy of the arrest warrant signed by defendant which was less than one year

before he filed this lawsuit. According to plaintiff he did not learn of the false statements made in

that warrant until December 1996. While plaintiff may not have looked at the arrest until less than

one year ago, the injury occurred when plaintiff was arrested on or about September 4, 1993, which

was more than two years before this lawsuit was filed on October 22, 1997.

Having carefully reviewed and considered *de novo* all the materials in the court file,

including the report and recommendation and the objections filed by the plaintiff, the Court is of the

opinion that the magistrate judge's recommendation is due to be and hereby is ACCEPTED.

Accordingly, defendant's Motion to Dismiss is due to be GRANTED and this action is due to be

DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

10

DONE this the 25th day of _February_, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Miguel J. Cortez                                                                      In Replying Give Number
    Clerk                                                                      Of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

———————————

    The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $100 docket fee plus $5 filing fee (for a total of $105) when appealing any civil judgment.

    If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)    Pay the total $105 fee to the clerk of the district court from which this case arose; *or*

(2)    arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

    If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $105 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $105 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee,* your appeal may nevertheless proceed, **but the total $105 fee will be assessed against and will be deducted from future deposits to your prison account.**)

    Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $105 fee is collected, even if an appeal is unsuccessful.

                                          MIGUEL J. CORTEZ
                                         Clerk